# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

DONTEVIS SMITH, KENNETH K. STALLINGS, SR., and EDDIE FRANKLIN,

    Plaintiffs,

v.                                      Case No. 3:19-cv-00633-DPJ-FKB

NOXUBEE COUNTY, MISSISSIPPI,

    Defendant.

## PLAINTIFF EDDIE FRANKLIN'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY

Plaintiff Eddie Franklin files this Motion *in Limine* to prohibit Defendant Noxubee County, Mississippi from offering evidence or eliciting testimony concerning the following:

1. The reason(s) for Mr. Franklin's administrative leave with Noxubee County;

2. Mr. Franklin's previous lawsuit naming him as a co-Defendant to Defendant Noxubee County: <u>Kenneth G. Reed v. Noxubee County Mississippi and Eddie Franklin</u>, S.D. Miss. Case No. 3:20-cv-00322-KHJ-FKP; and

3. The September 24, 2020 arrest.

### I. FACTS - LAW - ARGUMENT

This Court should exclude any reference to the above-mentioned topics, as such evidence is not relevant to any of Plaintiff's claims or Defendant's defenses in this matter. Furthermore, even if the evidence is marginally relevant, the probative value of such evidence is substantially outweighed by the potential for unfair prejudice, significant confusion, undue delay and/or wasting time.

During Plaintiff Franklin's deposition, Defendant asked multiple questions concerning the following: the reason(s) for Mr. Franklin's administrative leave with Noxubee County, i.e. a pending criminal investigation, previous litigation naming Mr. Franklin as a co-Defendant with Defendant Noxubee County, and Mr. Franklin's September 24, 2020 arrest. The Court should prohibit Defendant from offering evidence and exclude any testimony concerning these topics, as they are not relevant to any of the claims or defenses in this matter.

## Relevant Evidentiary Considerations

By way of background, under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible, unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402.

Even if "relevant," evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "A district court has broad discretion in assessing admissibility under Rule 403." United States v. Morris, 79 F.3d 409, 412 (5th Cir. 1996). "Unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Old Chief v. U.S., 519 U.S. 172, 180 (1997).

*Administrative Leave*

During Mr. Franklin's deposition, he was asked about a criminal investigation which prompted his administrative leave with Noxubee County, whether Mr. Franklin was still on leave, and whether the investigation was still pending. Mr. Franklin currently has an attorney handling

this matter, which is pending and does not have any impact or correlation to this lawsuit. (Exhibit A, Excerpts from the Deposition of Eddie Franklin, at 28:23-29:7; 29:10-15; 29:17-19; 30:24-31:2). The specific allegations that are being investigated are not known to Plaintiff's counsel, however, they do not involve or implicate the FLSA.

Evidence related to this issue, even if marginally relevant, is substantially outweighed by the danger of unfair prejudice to Plaintiff. Here, Plaintiff's claim is limited to the time period of September 4, 2016 through August 2019. (Doc. 1, Complaint, at ¶ 19). Mr. Franklin was placed on administrative leave on January 2020, which is outside the scope of his claims. Again, such evidence would only be offered by Defendant in an attempt to have the jury unfairly consider such evidence in weighing Plaintiff's testimony. It is outside the scope of the relevant statutory period and would be unfairly prejudicial.

### *Reed Lawsuit*

Mr. Franklin was also questioned about a past lawsuit involving his work for Noxubee County. (Exh. A at 31:3-23; 32:3-8). This lawsuit, <u>Kenneth G. Reed v. Noxubee County Mississippi and Eddie Franklin</u>, S.D. Miss. Case No. 3:20-cv-00322-KHJ-FKP, involves 4th and 14th Amendment claims against Defendant and Mr. Franklin, and does not have any impact or correlation to this lawsuit, the FLSA, or the issue of whether Mr. Franklin is entitled to overtime compensation. On May 13, 2021, this Court entered an Order of Dismissal, noting that "[t]he parties have announced to the Court a settlement of this case." (Reed v. Noxubee County, et al., S.D. Miss. Case No. 3-20-cv-00322-KHJ-FKP, Doc. 34, Order of Dismissal).

Here, none of the pleadings, testimony, or mere existence of the lawsuit, bear on any fact that is of consequence to the determination of the case at bar. Moreover, even if information concerning the Reed lawsuit carried some marginal relevance in this case, its probative value is

substantially outweighed by the danger of unfair prejudice to Plaintiff. If admitted, there is a substantial risk that such information could somehow cause jurors to view Plaintiff negatively or violent/dangerous and therefore unfairly base their decision in this case on that general impression/assessment.

*September 24, 2020 Arrest*

Mr. Franklin was also questioned about an arrest that occurred on September 24, 2020 in Kentucky. (Exh. A at 88:21-90:10). Mr. Franklin testified that the case had been dismissed. (Id.). Mr. Franklin currently has another attorney handling this matter, which does not have any impact or correlation to this lawsuit. (Id.). Here, this arrest occurred outside of the relevant statutory period and does not involve Mr. Franklin's overtime claim.

The Supreme Court has explained that "[t]he mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct…When formal charges are not filed against the arrested person and he is released without trial, whatever probative force the arrest may have had is normally dissipated." Schware v. Board of Bar Examiners of the State of New Mexico, 353 U.S. 232, 241 (1957). The nature of this information presents a very real and substantial risk that the jury will unfairly consider it in making its ruling or otherwise be prejudiced against Plaintiff in weighing his testimony at trial.

## II. CONCLUSION

For the reasons set forth above, the Court should preclude Defendant from offering any testimony or other evidence regarding these topics at trial.

Respectfully submitted,

/s/William B. Ryan
William B. Ryan – MS Bar #99667
Janelle C. Osowski – TN Bar #31359 (admitted *pro hac vice*)
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
billy@donatilaw.com
janelle@donatilaw.com

ATTORNEY FOR PLAINTIFF

Dated: July 30, 2021

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on July 30, 2021, on the following:

*Via ECF*  Berkley N. Huskinson
Mitchell, McNutt & Sams, P.A.
P.O. Box 1366
Columbus, MS 39703
bhuskinson@mitchellmcnutt.com

/s/William B. Ryan